UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OBERMAN FAMILY FUNERAL SERVICES, LTD., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: |
| OHIO SECURITY INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

# COMPLAINT

Plaintiff, Oberman Family Funeral Services, Ltd., by its undersigned attorneys, for its complaint against Defendant, Ohio Security Insurance Company, states:

## COUNT I
### (Breach of Contract)

1. Plaintiff, Oberman Family Funeral Services, Ltd. ("Oberman"), is an Illinois citizen, being an Illinois corporation with its principal place of business in Chicago, Illinois.

2. Defendant, Ohio Security Insurance Company ("Ohio Security"), is an Ohio citizen, being an Ohio corporation with its principal place of business in Fairfield, Ohio.

3. This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332 (c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391 because the events giving rise to Oberman's claims occurred in this judicial district. Additionally, Ohio does business and/or transacts business in this judicial district and, therefore, it is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

5. Oberman is the owner of a two-story building located at 9858 South Commercial Avenue in Chicago, Illinois ("the Building").

6. Ohio Security issued to Oberman a property and casualty insurance policy for the period December 31, 2019 to December 31, 2020 ("the insurance policy", a copy of which is attached as Exhibit A).

7. Under the insurance policy, Ohio Security insured Oberman for direct physical loss of or damage to the Building.

8. On or about February 27, 2020, the Building sustained direct physical damage in the form of a water loss ("the water loss").

9. Oberman notified Ohio Security of the water loss and submitted a claim for benefits under the insurance policy.

10. Oberman has performed all post-loss conditions required of it, requested of it, and/or not waived by Ohio Security, including: (a) paying the premium for the insurance policy; (b) giving prompt notice of the water loss; (c) submitting to an examination under oath; (d) cooperating in the investigation of the water loss and ensuing claim; and (d) timely filing suit.

11. It is Ohio Security's contractual duty to pay for the amounts due under the insurance policy for the covered water loss, including the cost to repair/replace the damage to the Building.

12. Although requested to do so, Ohio Security has failed and refused to pay for the water loss, including the cost to repair/replace the damage to the Building, which failure and refusal constitutes a breach of the insurance policy.

13. This breach of the insurance policy was and is the direct and proximate cause of damage to Oberman in an amount in excess of $75,000.

14. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Oberman is entitled to prejudgment interest.

Wherefore, Plaintiff, Oberman Family Funeral Services, Ltd., prays for judgment in its favor and against Defendant, Ohio Security Insurance Company, in an amount in excess of $75,000 plus prejudgment interest and costs.

## COUNT II
**(Section 155 Relief)**

15. Oberman re-alleges paragraphs 1 through 14 of count I of the Complaint as paragraph 15 of count II of the Complaint.

16. As of the time of the loss, Ohio Security's internal claim handling policies, practices, and procedures included compliance with Part 919 of the Illinois Administrative Code and compliance with sections 154.5 and 154.6 of the Illinois Insurance Code.

17. Oberman is entitled to an award of taxable costs under section 155 of the Illinois Insurance Code by virtue of Ohio Security engaging in the following vexatious and unreasonable conduct:

(a) failing to pay Oberman amounts due under the insurance policy within 40 days of the water loss, which constitutes an unreasonable delay in paying the loss as a matter of law, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(A) of Part 919 of the Illinois Administrative Code;

(b) failing to advise Oberman in writing within 75 days from the loss with a reasonable explanation for the delay in not resolving the water loss and ensuing claim, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(B) of Part 919 of the Illinois Administrative Code;

(c) failing to provide Oberman with reasonable explanations for the delay in resolving the loss and ensuing claim, in violation of section 154.6 of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code;

(d) failing to acknowledge with reasonable promptness pertinent communications from Oberman regarding the water loss and ensuing claim within 15 days of the same, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.40 of Part 919 of the Illinois Administrative Code;

(e) failing to affirm or deny liability for the water loss and ensuing claim within a reasonable time (over nine months), in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.50 of Part 919 of the Illinois Administrative Code;

(e) refusing to pay for the damage to the Building sustained from this covered water loss without conducting a full, fair, and objective investigation, as evidenced by it retaining an engineering firm to investigate the water loss, Donan Engineering, Inc., who is repeatedly used by and is biased in favor of insurers like Ohio Security, in violation of its internal claims polices, practices, and procedures and in violation of section 154.6 of the Illinois Insurance Code;

(f) denying coverage for the water loss based on a "Frozen Plumbing" exclusion that has no application to the facts of the water loss and ensuing claim;

(g) denying coverage for the water loss based on an erroneous interpretation of the "Frozen Plumbing" exclusion;

(h) denying coverage for the water loss based on a "Vacancy Condition" that has no application to the facts of the water loss and ensuing claim;

(i) denying coverage for the water loss based on an erroneous interpretation of the "Vacancy Condition";

(j) not attempting in good faith to effectuate a prompt, full, fair, and equitable settlement of the water loss and ensuing claim, a loss in which liability was reasonably clear, in violation of section 154.6 of the Illinois Insurance Code and in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.50 of Part 919 of the Illinois Administrative Code; and

(k) forcing Oberman to retain legal counsel to investigate the water loss and ensuing claim and to sue to recover all benefits that should have been immediately forthcoming under the insurance policy.

WHEREFORE, Plaintiff, Oberman Family Funeral Services, Ltd., prays for an award of taxable costs, including reasonable attorney fees, in its favor and against Defendant, Ohio Security Insurance Company.

**Plaintiff Demands Trial By Jury.**

/s/Edward Eshoo, Jr.
Edward Eshoo, Jr.
Christina M. Phillips
MERLIN LAW GROUP
181 W. Madison Street, Suite 3475
Chicago, Illinois 60602
Telephone:(312) 260-0806
Facsimile: (312) 260-0808
eeshoo@merlinlawgroup.com
cphillips@merlinlawgroup.com
*Attorneys for Plaintiff*

5